UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRAIG WHITE

    Plaintiff,

v.

UNITED PARCEL SERVICE, a
foreign corporation

    Defendant.

Case No. 03-72264
Hon. George Woods

---

LANCE W. MASON (P43926)
LANCE W. MASON, P.C.
Attorneys for Plaintiff
615 Griswold, Suite 901
Detroit, Michigan 48226
(313) 967-9016

Todd J. Shoudy (P41895)
Bonnie L. Mayfield (P40275)
DYKEMA GOSSETT PLLC
Attorneys for Defendant
400 Renaissance Center
Detroit, Michigan 48243
(313) 568-5330 or 568-6847

---

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL AND AFFIRMATIVE AND/OR OTHER DEFENSES

Defendant United Parcel Service ("Defendant" or "UPS"), by and through its attorneys, Dykema Gossett PLLC, hereby answers Plaintiff's Complaint as follows:

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and leaves Plaintiff to his proofs.

2. Defendant admits that it is a Corporation organized under the laws of the State of Ohio with its principal place of business in the State of Georgia. Defendant further admits that it does business throughout the State of Michigan.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint and leaves Plaintiff to his proofs.

4. Upon information and belief, Defendant admits the allegations contained in Paragraph 4 of the Complaint. As a further response, Defendant denies that Plaintiff is entitled to any recovery.

5. The allegations set forth in Paragraph 5 of the Complaint state legal conclusions to which no response is required.

6. The allegations set forth in Paragraph 6 of the Complaint state legal conclusions to which no response is required.

7. Defendant admits that Plaintiff was initially hired by Defendant in September 1981. Except as so admitted, Defendant denies the remaining allegations contained in Paragraph 7 of the Complaint for the reason that they are untrue.

8. Defendant admits that in March 2000, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission regarding a skin condition known as PFB, and that the matter was amicably resolved when Defendant received medical documentation confirming Plaintiff's condition. Except as so admitted, Defendant denies the remaining allegations contained in Paragraph 8 of the Complaint for the reason that they are untrue.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint for the reason that they are untrue.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint for the reason that they are untrue.

## COUNT I - RETALIATION

11. Defendant incorporates by reference its responses to Paragraphs 1 through 10 of Plaintiff's Complaint as though fully set forth herein.

12. Defendant admits that in March 2000, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission regarding a skin condition known as PFB, and that the matter was amicably resolved when Defendant received medical documentation confirming Plaintiff's condition. Except as so admitted, Defendant denies the remaining allegations contained in Paragraph 12 of the Complaint for the reason that they are untrue.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint for the reason that they are untrue.

14. Defendant admits that in March 2000, it was aware that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission regarding a skin condition known as PFB, and that the matter was amicably resolved when Defendant received medical documentation confirming Plaintiff's condition. The remaining allegations state legal conclusions to which no response is required. As to any remaining factual allegations implied in Paragraph 14 of the Complaint, Defendant denies the allegations for the reason that they are untrue.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint for the reason that they are untrue.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint and all subparts for the reason that they are untrue.

WHEREFORE, Defendant requests that this Court dismiss the Complaint with prejudice and enter a judgment of no cause of action in favor of Defendant and award Defendant its costs and attorneys' fees incurred in defending this action.

2

## COUNT II – RACIAL DISCRIMINATION

17. Defendant incorporates by reference its responses to Paragraphs 1 through 16 of Plaintiff's Complaint as though fully set forth herein.

18. The allegations set forth in Paragraph 18 of the Complaint, and all subparts, state legal conclusions to which no response is required.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint for the reason that they are untrue.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint, and all subparts, for the reason that they are untrue.

WHEREFORE, Defendant requests that this Court dismiss the Complaint with prejudice and enter a judgment of no cause of action in favor of Defendant and award Defendant its costs and attorneys' fees incurred in defending this action.

## COUNT III – HOSTILE WORK ENVIRONMENT

21. Defendant incorporates by reference its responses to Paragraphs 1 through 20 of Plaintiff's Complaint as though fully set forth herein.

22. The allegations set forth in Paragraph 22 of the Complaint state legal conclusions to which no response is required.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint for the reason that they are untrue.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint for the reason that they are untrue.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint for the reason that they are untrue.

4

26.     Defendant denies the allegations contained in Paragraph 26 of the Complaint for the reason that they are untrue.

27.     Defendant denies the allegations contained in Paragraph 27 of the Complaint for the reason that they are untrue.

WHEREFORE, Defendant requests that this Court dismiss the Complaint with prejudice and enter a judgment of no cause of action in favor of Defendant and award Defendant its costs and attorneys' fees incurred in defending this action.

### AFFIRMATIVE AND/OR OTHER DEFENSES

Defendant United Parcel Service ("Defendant"), by and through its attorneys, Dykema Gossett PLLC, hereby raise the following Affirmative and/or Other Defenses:

#### A.     Failure to State a Claim

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

#### B.     Legitimate, Non-Discriminatory, Good Faith Reasons

Any and all actions taken by the Defendant with respect to Plaintiff were taken in good faith and for legitimate, non-discriminatory reasons.

#### C.     Mitigation of Damages

Plaintiff's Complaint is barred, in whole or in part, by Plaintiff's failure to mitigate damages.

## RESERVATION OF RIGHT

Defendant hereby reserves the right to file additional affirmative defenses as they become known through the course of discovery.

                                          Respectfully submitted,

                                          DYKEMA GOSSETT PLLC

By: _____
                                          Todd J. Shoudy (P41895)
                                          Bonnie L. Mayfield (P40275)
                                          Attorneys for Defendant
                                          400 Renaissance Center
                                          Detroit, MI 48243
                                          (313) 568-5330

Dated: June 17, 2003

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRAIG WHITE

    Plaintiff,
v.

Case No. 03-72264
Hon. George Woods

UNITED PARCEL SERVICE, a
foreign corporation

    Defendant.

| | |
|---|---|
| LANCE W. MASON (P43926)<br>LANCE W. MASON, P.C.<br>Attorneys for Plaintiff<br>615 Griswold, Suite 901<br>Detroit, Michigan 48226<br>(313) 967-9016 | Todd J. Shoudy (P41895)<br>Bonnie L. Mayfield (P40275)<br>DYKEMA GOSSETT PLLC<br>Attorneys for Defendant<br>400 Renaissance Center<br>Detroit, Michigan 48243<br>(313) 568-5330 or 568-6847 |

PROOF OF SERVICE

STATE OF MICHIGAN    )
    ) SS.
COUNTY OF WAYNE    )

    Joan Corbit, an employee of Dykema Gossett PLLC, being first duly sworn, deposes and says that on the 17th day of June, 2003, she served a copy of Defendant's Answer to Plaintiff's Complaint and Demand for Jury Trial and Affirmative and/or Other Defenses and this Proof of Service upon Lance W. Mason at 615 Griswold, Suite 901, Detroit, MI 48226, by enclosing copies of the same in an envelope properly addressed, and by depositing said envelope in the United States Mail with postage thereon having been fully prepaid.

I declare that the statements above are true to the best of my information, knowledge, and belief.

_____
Joan Corbit